[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
By pleading dated February 1, 2001, the defendant, K T Landscaping, Inc. moved to dismiss the plaintiff's claim against it contained in an amended complaint dated July 18, 2000.
By order dated February 22, 2001, this court without opinion granted the motion to dismiss. The granting of the motion followed considerable argument which was held on February 22, and the court ruled from the bench.
Attorney John Dodd argued the matter for the plaintiff, Angel Marti and Attorney Carl Celia argued the matter for the apportionment defendant, K T Landscaping Inc. It appears that the original defendant, Gros-Lte Industries, is represented by Attorney Claudia Baio. It is the court's understanding that neither Attorney Baio nor any representative of her office was present at the argument on February 22. In deciding the matter from the bench, the court did not reflect on the fact that an interested party was not present at the argument. The court agrees with Attorney Baio that articulation is in order when a motion to dismiss is granted. Accordingly, the court renders the following articulation.
By writ dated June 13, 2000, the plaintiff instituted an action for damages resulting from a slip and fall against the defendant property owner Gros-Lte Industries. That defendant brought an apportionment complaint dated June 28, 2000, bearing a return date of August 8, 2000, claiming apportionment against the snow removal contractor, K T Landscaping, Inc. The plaintiff Marti moved to cite in K T Landscaping, Inc. as a full defendant by motion dated July 18, 2000, and filed with the court on July 20, 2000. That motion to cite in was never acted on by the court and no service of process was ever effectuated against K T Landscaping Inc., as a full defendant. On August 8, 2000, Attorney Cella filed what he labeled as a, "special appearance" for the apportionment defendant, K T Landscaping, Inc., only.
General Statutes § 52-102b (d) permits the original plaintiff, "within sixty days of the return date of the apportionment complaint . . . CT Page 5009 [to] assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." The only claim that the original plaintiff ever asserted against the apportionment defendant was contained in its proposed amended complaint of July 18, 2000, which although filed in court on July 20, was never served on or certified to the defendant or the defendant's counsel.
A recent Superior Court case, Bednaz v. Svindland, Superior Court, judicial district of New Haven at New Haven, docket No. 425935 (June 12, 2000, Alander, J.) (27 Conn.L.Rptr. 438), deals with the question of whether lack of timely service under § 52-102b raises a question of subject matter or personal jurisdiction. Section 52-102b authorizes a defendant in a negligence action to bring an apportionment complaint upon a person who is not a party to the action. Judge Alander wrote:
 "The court need not determine whether Lichtenstein has waived her right to contest the court's jurisdiction over her person because I find dispositive her claim that the court lacks subject matter jurisdiction over the apportionment complaint for is failure to meet the requirements of General Statutes § 52-102b. . . . The time limitation contained in § 52-102b is a substantive and jurisdictional requirement that can not be waived by the parties."
Bednaz v. Svindland, Supra, 27 Conn.L.Rptr. 439, 440.
This court adopts the reasoning in Bednaz accordingly the court holds that the failure to serve K T Landscaping Inc., within the one hundred and twenty day requirement of § 52-102b (a) creates a subject matter jurisdictional defect warranting dismissal.
By the Court,
Kevin E. Booth Judge of the Superior Court